UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONNIE LAM,<br><br>                              *Plaintiff*,<br>   - v -<br><br>STATE STREET CORPORATION and STATE STREET BANK & TRUST CO.,<br><br>                              *Defendants*. | Civil Action No.: 24-cv-6098 |

# [PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(e), Plaintiff Bonnie Lam ("Plaintiff") and Defendants State Street Corporation and State Street Bank & Trust Co. (collectively "Defendants" or "State Street"), by and through their attorneys, hereby stipulate, and respectfully request that the Court enter a Protective Order, as follows.

1. **Purpose**.[1] The purpose of this Confidentiality Agreement and Protective Order (the "Agreement and Order") is, among other things, to permit Plaintiff and Defendants (individually, a "Party" or together, the "Parties") to obtain discovery in the above-captioned action while protecting the confidentiality of certain documents and information, including business and financial records, internal business communications, confidential personnel records, and/or other documents subject to confidentiality or to non-disclosure restrictions from third parties. Additionally, this Agreement and Order shall provide a mechanism whereby documents, electronic data, and/or other property that may belong to one Party can

---

[1] Nothing in Section 1 shall be conpstrued as conferring a presumption of confidentiality on any category of documents and information.

be returned to the owner while protecting privileged or trial preparation materials and the property belonging to other Parties. Further, this Agreement and Order shall provide a mechanism for non-parties to this Litigation to protect any of their confidential information that the Parties may seek to obtain as Discovery Material (as defined below).

2. **Definitions and Scope**

   2.1. The "Litigation" shall mean the above-captioned case, Lam v. State Street Corporation, et al, No. 24-cv-6098, currently pending in the United States District Court for the Southern District of New York (the "Court").

   2.2. The term "Discovery Material" shall mean all initial disclosures, documents, deposition testimony, exhibits, interrogatory answers, responses to request for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced by any Party (as defined herein) or non-party ("Non-Party") to the Litigation, and any copies thereof and all information contained therein.

   2.3. "Party" (or "Parties") shall mean one party (or both parties) in this Litigation and their in-house and outside counsel. "Producing Party" shall mean any person or entity, including Parties and Non-Parties, who provides, serves, discloses, files, or produces any Discovery Material. "Receiving Party" shall mean any person or entity, including Parties and Non-Parties, who receives any Discovery Material.

   2.4. This Agreement and Order shall apply to all Discovery Material produced by any Party or Non-Party to the Litigation or introduced at any deposition, hearing, or trial in the Litigation, all information contained in Discovery Material, and all copies, transcripts, excerpts, notes, summaries and translations of Discovery Material.

2.5.     Discovery Material, or any other documents or materials reflecting or disclosing any Discovery Material, may be used only for purposes of the Litigation and shall not be used for any other purpose.  Any Discovery Material that is not Confidential Material (as defined below) and which is filed on the public docket is not subject to this restriction.

3. **Confidential Material**

3.1.     Insofar as is consistent with the law of the Second Circuit, any Party or Non-Party shall have the right to designate Discovery Material (the "Designating Party") as "Confidential" (referred to as "Confidential Material" herein) if, in good faith, the Party or Non-Party believes that (a) the material contains non-public, proprietary, commercially, or personally sensitive financial information or trade secrets; or (b) the material contains personally identifying information of an individual, including but not limited to social security numbers, health information, and financial account numbers; or (c) the material is otherwise subject to confidential treatment under any rule applicable to civil actions in the Federal Rules of Civil Procedure or the Federal Rules of Evidence.  A Party also shall have the right to designate Discovery Material produced by another Party or Non-Party as Confidential.  Information that is publicly available shall not be considered Confidential Material.  For purposes of this Agreement and Order, documents produced by Parties to regulators or other government authorities under a confidentiality order, statutory confidentiality provision or other protections shall be deemed Confidential Material, subject to any challenge to that status by the non-producing party, and shall not be considered to have lost such confidentiality protections as a result of such production.

3.2.    The recipients of Confidential Material agree to undertake reasonable technical and organizational precautions to preserve the security of the Confidential Material to protect it from accidental or unlawful destruction or accidental or unauthorized loss, access or disclosure.

3.3.    Except with the prior written consent of the Designating Party, Confidential Material may be disclosed only in accordance with the provisions of this Agreement and Order, and only to:

(a) The Court, officers of the Court, and Court personnel involved in the Litigation (including court reporters, stenographic reporters and videographers, electronic filing personnel and any special master or referee appointed by the Court);

(b) In the event of an appeal, the appropriate appellate authority or entity (the "Appellate Court"), including but not limited to the United States Court of Appeals and United States Supreme Court, involved in the Litigation (including court reporters, stenographic reporters and videographers, electronic filing personnel and any special master or referee appointed by the Appellate Court/Supreme Court);

(c) Witnesses, deponents or persons during a deposition or at trial, and their counsel;

(d) Each party and its inside counsel, and those of its managing agents who are assisting counsel in directing the Litigation and legal strategy;

(e) Such former managing agents of the party who previously assisted counsel in directing the Litigation and legal strategy, that counsel in good faith deem necessary to assist in the Litigation;

(f) Each person identified in the Confidential Material as an author or recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably

and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to the Litigation;

(g) Court reporters or videographers employed in connection with the Litigation;

(h) Outside counsel for the Parties, including legal assistants and other staff working on this matter;

(i) Outside consultants or experts, including necessary staff, retained by a Party or its counsel in connection with the Litigation, whether or not retained to testify at trial;

(j) Firms, officers, directors, partners, employees and agents of firms, or persons that have been engaged by the Parties or their counsel for purposes of photocopying, electronic imaging, document storage, or other similar litigation support activities in connection with the Litigation; and

(k) Any other person only upon order of the Court or with the written agreement of the Producing Party.

3.4.    Every person given access to Confidential Material, or any other documents or materials reflecting or disclosing any Confidential Material, shall be advised that it is being disclosed pursuant and subject to the terms of this Agreement and Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons identified in Paragraphs 3.3(c), (e), (f), (i), (j) and (k) to whom a Party provides access to Confidential Material will be advised that he or she is subject to this Agreement and Order as a condition of receiving the materials.

3.5.    In the event that counsel for any Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material, the following procedures shall be used:

(a) The Parties agree to refrain, to the greatest extent possible, from including Confidential Material in the titles of documents filed with the Court so that, in all instances, the titles of such documents - and the Court's docket reflecting those titles - may remain public.

(b) A Party that files with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material shall make such filing under seal, consistent with applicable Court rules and procedures. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential Material used in the course of any court proceedings.

3.6. Nothing in this Agreement and Order shall be or be deemed to be an acknowledgement by any Party that any Discovery Material designated as Confidential Material is in fact entitled to such treatment. A Party shall not be obligated to challenge the propriety of any other Party's designation of Discovery Material as Confidential Material, and a failure to do so at the time of the designation shall not preclude any subsequent challenge. Any Party (the "Disputing Party") may challenge, at any time, the designation of material as "Confidential" by requesting in writing that the Designating Party withdraw such designation, setting forth the reasons the Disputing Party believes such documentation or information does not qualify as Confidential Material. The Designating Party and the Disputing Party shall confer in good faith within ten business days following the Designating Party's receipt of the objection in an effort to resolve the objection. If such conference is unsuccessful, the Disputing Party may move the Court at any time thereafter for an order requiring the withdrawal of the designation of the Discovery Material as Confidential Material. Until such motion is ruled upon by the

Court, the objected-to designation shall remain in effect. In any such motion, the Designating Party shall have the burden of demonstrating that the designated material should be protected under the terms of this Agreement and Order and the applicable law. During the pendency of such motion, the material designated as Confidential Material shall maintain its protected status unless and until the Parties agree, or the Court orders otherwise. Should any such motion be filed, the moving party shall file the motion with the Court under seal.

3.7.   Any person receiving Confidential Material shall exercise such due care as is necessary to prevent any disclosure of such Confidential Material other than pursuant to the provisions of this Agreement and Order. The Producing Party's rights and remedies with respect to any disclosure of Confidential Material in contravention of the provisions of this Agreement and Order are hereby reserved.

3.8.   Confidential Material which is disclosed in contravention of the provisions of this Agreement and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Agreement and Order, the person who made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material as well as the identity of the recipient of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Agreement and Order; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable, good faith efforts to retrieve the improperly

disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

3.9.    If the Receiving Party, having received Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a Non-Party to the Litigation, or (d) otherwise receives a request from a Non-Party to the Litigation, seeking Confidential Material, the Receiving Party, prior to making any disclosures of Confidential Material, shall give notice by hand, electronic mail or facsimile transmission, within three business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Confidential Material, take any action against the Receiving Party to enforce such a subpoena, demand, or other process or request, the Receiving Party shall respond by setting forth the existence of this Agreement and Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Agreement and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this court.

3.10.   This Agreement and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Material for any purpose.

3.11.    After receiving notice of the entry of an order, judgement or decree finally disposing of the Litigation, including all appeals in which Confidential Material may be

used, all persons having received Confidential Material shall, upon request of the Producing Party, make a good faith, commercially reasonable effort to destroy such Material and certify that fact to the Producing Party.  Outside counsel for the Parties to the Litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. Nothing in this paragraph shall be interpreted to prevent Plaintiff's counsel from keeping a copy of any Confidential Material in their case file for this matter for recordkeeping/retention purposes.  However, any Confidential Material shall remain confidential and otherwise subject to this Agreement.

3.12.   The Confidential Material shall only be used in connection with the Litigation, and may not be used for any other ongoing or subsequent litigation, or for any other purpose.  However, the existence of this provision shall not be used in subsequent litigation to prevent to discovery and production by State Street and its affiliates of overlapping Discoverable Materials or Confidential Materials in other ongoing and/or subsequent litigation(s).

4. **Privileged Material.**  Inadvertent or unintentional disclosure of Discovery Material subject to the attorney client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in

9

part of the privilege, work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter.  If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the Producing Party shall request that the Receiving Party (the "Party Receiving Privileged Material") promptly destroy and certify destruction of the Privileged Material, including all copies, as well as such portions of notes or other materials incorporating the Privileged Material that (1) are located after a reasonable search; and (2) may be destroyed without undue burden to the Party Receiving Privileged Material.  The Producing Party shall also provide a written good faith explanation of the basis for the privilege claim or claim of immunity.  If the Party Receiving Privileged Material challenges the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, including all copies, then confer and provide written notice to the Producing Party identifying the reasons for the challenge.  If the Parties cannot resolve the dispute, the Party Receiving Privileged Material may move the Court for an appropriate order.  The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.  Upon resolution, any notes or other non-returned materials incorporating the Privileged Material that (1) are located after a reasonable search and (2) may be destroyed without undue burden to the Party Receiving Privileged Material shall be destroyed, and the Party Receiving Privileged Material shall certify destruction.

5. **<u>Survival.</u>** This Agreement and Order shall survive termination of the Litigation. No disclosure or production of Discovery Material shall be or shall be deemed to be a waiver of any Party's objection to the use, relevance or admissibility of such material or any claim of confidentiality outside the Litigation.  Nothing in this Agreement and Order shall affect any

Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

6. **No Admissions or Waiver.**  Nothing contained in this Agreement and Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission or waiver of any kind.

7. **Miscellaneous.**

    7.1.    This Agreement and Order may be altered or modified only by written agreement between the Parties or by order of the Court upon motion by any Party.

    7.2.    This Agreement and Order may be executed in counterparts, which together shall constitute one document.

    7.3.    Nothing in this Agreement and Order shall prevent any Party from applying to the Court for relief from the Agreement and Order, or from applying to the Court for further or additional protections, or for a modification of this Agreement and Order.

[SIGNATURE PAGE FOLLOWS]

11

IT IS SO STIPULATED,

| | |
|---|---|
| BONNIE LAM | STATE STREET CORPORATION, STATE and STREET BANK & TRUST CO. |
| By her attorneys, | By their attorneys, |
| */s/ Shane Seppinni* | */s/ Morgan C. Nighan* |
| Shane Seppinni<br>Zach Rubin<br>SEPPINNI LAW PLLC<br>40 Broad St., 7th Floor<br>New York, NY 10004<br>917-397-2847<br>shane@seppinnilaw.com<br>zach@seppinnilaw.com | Morgan C. Nighan<br>NIXON PEABODY LLP<br>Exchange Place<br>53 State Street<br>Boston, MA 02109-2835<br>(617) 345-1000<br>mnighan@nixonpeabody.com<br><br>*/s/ Christopher J. Stevens*<br>Christopher J. Stevens<br>NIXON PEABODY LLP<br>677 Broadway, 10th Floor<br>Albany, NY 12207<br>518-427-2737<br>cstevens@nixonpeadbody.com |

Dated: September 30, 2024

Pursuant to stipulation, and good cause appearing, IT IS SO ORDERED,

_____
Hon. Naomi Reice Buchwald
United States District Judge

Dated: ___October 1___, 2024